IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff/Respondent,<br><br><br>     vs.<br><br><br>ALLEN KIMBALL,<br><br>          Defendant/Petitioner. | Cr. No. 00-00105HG-01<br>Cv. No. 12-00646HG-BMK |

**ORDER DENYING MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF No. 527)**

On December 3, 2012, Petitioner Allen Kimball filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. (ECF No. 527.)

Petitioner claims that, at sentencing, he was wrongfully denied downward adjustments for cooperation and acceptance of responsibility. Petitioner's claims have been heard and denied by the Ninth Circuit Court of Appeals on Plaintiff's direct appeal, and by the District Court on Petitioner's initial Section 2255 Motion, decided in April 2009.

Petitioner now claims that the alleged sentencing errors were made due to the false representations of a Drug Enforcement Administration ("DEA") Agent regarding Petitioner's willingness

1

to cooperate. Petitioner claims that the Government failed to disclose the DEA Agent's alleged misconduct.

Petitioner's Section 2255 Motion is a successive petition, filed without the required certification from the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2255(h). The Court lacks jurisdiction over the Motion.

Petitioner's Section 2255 Motion also lacks merit. Petitioner's allegation, that the Court determined his offense level based on the misrepresentations of the DEA Agent, is not supported by the record.

Petitioner's Motion to Vacate (ECF No. 527) is **DENIED**.


## BACKGROUND

**The Original and Superseding Indictments**

On March 16, 2000, a federal grand jury in the District of Hawaii returned a seven-count Indictment against Petitioner Allen Kimball. Six counts of the Indictment charged various drug crimes. One count of the Indictment charged a firearm offense. (ECF No. 9.)

On June 22, 2000, a federal grand jury returned a thirteen-count Superseding Indictment against Petitioner and six co-defendants. The Superseding Indictment charged Petitioner with:

**Counts 1 and 2**: possessing with intent to distribute and distributing in excess of five grams of crystal methamphetamine,

2

in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; **Counts 3, 4, and 5**: possessing with intent to distribute and distributing in excess of 50 grams of crystal methamphetamine, in violation of 21 U.S.C. §  841(a)(1) and 18 U.S.C. § 2; **Count 6:** conspiring to possess with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; **Counts 7, 8, and 9**: conducting a financial transaction affecting interstate commerce, which involved the proceeds of an unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2; and **Count 12**: conspiring to conduct a financial transaction with proceeds affecting interstate commerce, which involved the proceeds of an unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). Petitioner was not named in Counts 10 and 11 of the Superseding Indictment. The Superseding Indictment did not charge Petitioner with a firearm offense.

**Guilty Plea and Original Sentencing Hearing**

On September 8, 2000, Petitioner pled guilty to the First Superseding Indictment. (ECF No. 87.) There was no plea agreement.

On April 7, 8, and 9, 2003, the District Court Judge held Evidentiary Sentencing Hearings. On April 7, 2003, Reuben Silva, one of Petitioner's co-defendants, testified that he had "nothing

3

to do with Allen Kimball" and denied ever obtaining drugs from Petitioner or engaging in any illegal activity with Petitioner. Silva's testimony was inconsistent with his earlier grand jury testimony, which implicated Petitioner. The Government indicted Silva for perjury, in violation of 18 U.S.C. § 1623, charging him with testifying falsely at the April 7, 2003 hearing. (Indictment, Crim. No. 03-00487, ECF No. 1.) Silva pleaded guilty to the perjury charge. (Crim. No. 03-00487, ECF No. 24.)

At Petitioner's Sentencing Hearing on December 3, 2003, Silva admitted that Petitioner had asked him to lie during the April 7, 2003 Evidentiary Hearing. (Hearing Tr., Dec. 3, 2003, pgs. 19-21.)

On March 5, 2004, Petitioner was sentenced to 360 months imprisonment. (ECF No. 358.) Petitioner's total offense level was assessed at Level 42, Criminal History Category I, with a guideline range of 360 months to life imprisonment. The sentence included a two-level upward adjustment for obstruction of justice, based on the finding that Petitioner had convinced Silva to give false testimony at the April 7, 2003 hearing. The District Court also assessed a two-level upward adjustment for possession of a dangerous weapon, and a four-level upward adjustment for Petitioner's leadership role in the offense. The District Court determined that Petitioner was not entitled to a downward departure for acceptance of responsibility, pursuant to

U.S.S.G. § 3E1.1, based on suborning Silva to commit perjury.

**Original Appeal to the Ninth Circuit Appellate Court**

On March 15, 2004, Petitioner appealed his conviction and sentence to the Ninth Circuit Court of Appeals. (ECF No. 362.) Petitioner claimed that his sentence enhancements were unconstitutional and that the Government wrongfully submitted his protected statements to the District Court.

On April 12, 2006, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction, but vacated the sentence and remanded for re-sentencing before a different judge. The Appellate Court held that the Government may have tainted the sentencing process by submitting Petitioner's protected statements to the District Court in breach of the proffer agreement. The Appellate Court did not reach the other sentencing issues raised by Petitioner. United States v. Kimball, 175 Fed. Appx. 883, 884 (9th Cir. 2006).

**Re-sentencing on Remand**

On May 12, 2006, the matter was reassigned to District Judge Helen Gillmor, the sentencing judge who is now reviewing Petitioner's current Section 2255 Motion. The Parties were ordered to determine the relevant issues the District Court Judge should consider prior to sentencing. (ECF No. 452.)

On October 19, 2006, the District Court held a hearing on Petitioner's objections to the Presentence Report, including the drug quantity, the firearm enhancement, and the enhancements for leadership and obstruction of justice. Following briefing by the Parties and oral arguments, the Court overruled all of Petitioner's objections to the Presentence Report.

The newly assigned District Court Judge found the obstruction of justice enhancement was appropriate. The finding was based on the Petitioner asking Silva to commit perjury at the April 7, 2008 hearing. Petitioner wanted Silva to lie in order to avoid receiving a leadership enhancement. (PSR Hearing Tr., Oct. 19, 2006, at pg. 35, attached as Ex. C to ECF No. 508.) The District Court denied Petitioner a downward adjustment for acceptance of responsibility, pursuant to Section 3E1.1 of the United States Sentencing Guidelines. Petitioner's actions as to Silva were inconsistent with acceptance of responsibility. (Id.)

The District Court found, by clear and convincing evidence, that Petitioner was responsible for distribution of 362.6 grams of methamphetamine. (PSR Hearing Tr., Oct. 19, 2006, at pg. 34, attached as Ex. C to ECF No. 508.)

The District Court found the gun enhancement appropriate, pursuant to Section 2D1.1(b)(1) of the United States Sentencing Guidelines, as Defendant possessed a firearm, and Defendant had not shown that it was clearly improbable that a firearm was

connected with the offense. The District Court's finding was based, in part, on the fact that a search of Defendant's residence and cars resulted in the seizure of a 12-gauge shotgun, a 9 millimeter caliber pistol, and ammunition. The Government also provided a recording of a telephone call, in which Defendant stated that he owned a gun. (PSR Hearing Tr., Oct. 19, 2006, at pgs. 13-14, 34, attached as Ex. C to ECF No. 508.)

The District Court found "ample evidence" to support the leadership role enhancement, stating that "[i]t would take . . . mental gymnastics" to believe that Petitioner was not a leader. (PSR Hearing Tr., Oct. 19, 2006, at pgs. 34-37, attached as Ex. C to ECF No. 508.) Petitioner's total offense level was again assessed at Level 42, Criminal History Category I, with a guideline range of 360 months to life imprisonment.

On November 2, 2006, at the Re-Sentencing Hearing, the District Court adopted the Presentence Report. The District Court further clarified that all of its findings from the October 19, 2006 Hearing on the Petitioner's objections to the Presentence Report were supported by clear and convincing evidence. The District Court also specifically found that Petitioner was responsible for having Silva testify incorrectly, and Silva's perjured testimony was material. (Re-sentencing Hearing Tr., Nov. 2, 2006, at pgs. 3-4, attached as Ex. C to ECF No. 508.) The District Court found a a two-level upward adjustment for

obstruction of justice, based on Silva's April 7, 2003 testimony; a two-level upward adjustment for possession of a dangerous weapon; and a four-level upward adjustment for Petitioner's leadership role.

Petitioner was sentenced to 300 months imprisonment, sixty months below the guideline range. (ECF Nos. 471 and 474.) In imposing a sentence below the guideline range, the District Court considered the factors set forth in 18 U.S.C. § 3553(a), including Petitioner's initial guilty plea, the delay in Petitioner's sentencing, and Petitioner's efforts to better himself during the six years he had been incarcerated. (Re-sentencing Hearing Tr., Nov. 2, 2006, at pgs. 27-32, attached as Ex. C to ECF No. 508.)

**Second Appeal to the Ninth Circuit Court of Appeals and Denial of Certiorari by the United States Supreme Court**

Petitioner appealed his conviction to the Ninth Circuit Court of Appeals. (ECF No. 473.) Petitioner challenged the constitutionality of the District Court's inclusion of the following sentence enhancements in calculating Petitioner's offense level: (1) drug type and quantity; (2) possession of a firearm; (3) leadership role; and (4) obstruction of justice. Petitioner also claimed that the District Court wrongly denied him a downward adjustment for acceptance of responsibility and safety valve relief. United States v. Kimball, 260 Fed. Appx. 3

(9th Cir. 2007).

On October 10, 2007, the Ninth Circuit Court of Appeals affirmed Petitioner's sentence. The Ninth Circuit Appellate Court specifically addressed and rejected each of Petitioner's arguments raised on appeal. United States v. Kimball, 260 Fed. Appx. 3 (9th Cir. 2007).

On April 3, 2008, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari. Kimball v. United States, 128 S.Ct. 1759 (2008).

**Initial Section 2255 Motion**

On April 6, 2009, Petitioner filed his initial Section 2255 Motion, raising claims of ineffective assistance of counsel, based on the calculation of his offense level. Petitioner also claimed that, although he had provided assistance to the government, the Government wrongfully failed to file a motion to reduce his sentence, pursuant to either Federal Rule of Civil Procedure 35(b) or Section 5K1.1 of the United States Sentencing Guidelines. Petitioner alleged that his attorney failed to challenge the Government's failure to file a motion to reduce his sentence. (ECF No. 503.)

On August 31, 2009, the District Court denied Petitioner's initial Section 2255 Motion. The District Court determined that Petitioner's Counsel was not deficient, nor would Petitioner have

been prejudiced by any of the alleged deficiencies. In rejecting Petitioner's claims regarding the Government's failure to file a motion to reduce his sentence, the District Court held that Petitioner's conclusory assertion that the Government acted in bad faith was insufficient. Petitioner did not provide testimony at any trial or sentencing hearing against any criminal defendant. The District Court further held that Petitioner's challenges to the sentencing enhancements were barred, having been decided on Petitioner's Appeal. The District Court found that Petitioner was not entitled to a certificate of appealability. (Gov't Resp. Ex. A, ECF No. 539.)

On September 16, 2009, Petitioner filed a Motion for Reconsideration of the Order denying his Section 2255 Motion. Petitioner claimed that the District Court committed clear error by holding that Petitioner had asked Silva to give false testimony at the April 7, 2003 hearing. Petitioner also challenged the leadership role enhancement, claiming that his counsel failed to raise the possibility that he should receive a downward adjustment for being a minor participant. (ECF No. 514.)

On October 28, 2009, the District Court denied the Motion for Reconsideration. The District Court found by clear and convincing evidence that Petitioner had suborned perjury by asking Silva to give false testimony. The Ninth Circuit Appellate Court had upheld the finding on Petitioner's direct appeal. The

District Court found that the issue of Petitioner's leadership role had been raised on at least three occasions, including direct appeal, and had been found appropriate by clear and convincing evidence. (ECF No. 517.)

On December 7, 2009, Petitioner filed a "Motion Requesting Court to Reopen Proceedings and for Leave to Amend Section 2255 Motion." Petitioner sought to amend his initial Section 2255 Motion, by adding a challenge to his money laundering convictions. (ECF No. 518.)

On January 21, 2010, the District Court denied Petitioner's Motion to reopen proceedings and amend his Section 2255 Motion. The District Court held that, pursuant to 28 U.S.C. § 2255(h), Petitioner must first obtain proper authorization from the appeals court before the District Court may consider a "second or successive" Section 2255 Motion. (ECF No. 521.)

On February 2, 2010, Petitioner again filed a request for a certificate of appealability with the District Court. (ECF No. 523.) On February 8, 2010, the District Court denied the request. (ECF No. 524.)

On August 12, 2001, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability from the denial of his initial Section 2255 Motion and his Motion for Reconsideration. (ECF No. 525.)

**Second Section 2255 Motion**

On December 3, 2012, Petitioner filed his second Section 2255 Motion, entitled "MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255," which is currently before the District Court. (ECF No. 527.) Petitioner did not file a Memorandum and Affidavit in support of his Motion to Vacate at the time it was filed. He represented that he would file the Memorandum and Affidavit before mid-January. (Motion to Vacate at pg. 11, ECF No. 527.)

On December 6, 2012, Petitioner filed a Motion to Stay consideration of his claims until he filed his Memorandum and Affidavit in support of his Motion to Vacate. (Notice of Filing of Motion to Vacate and Request to Hold Motion in Abeyance at pg. 3, ECF No. 528.)

On December 10, 2012, the District Court granted the Motion to Stay. (ECF No. 529.)

On June 19, 2013, six months having passed without a filing by Petitioner, the District Court ordered Petitioner to file the supporting Memorandum and Affidavit, or file a statement explaining why his Section 2255 Motion should not be denied for failure to prosecute, by August 6, 2013. (ECF No. 530.)

On August 5, 2013, Petitioner filed Memorandum and Affidavit in support of his Section 2255 Motion. (ECF No. 531.)

On August 6, 2013, the District Court issued a Minute Order stating that Petitioner's Section 2255 Motion appears to be a

successive petition, filed without the required certification by the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). The District Court ordered the Government to file a Response, stating its position with respect to whether certification by the Ninth Circuit Court of Appeals is required. (ECF No. 534.)

On September 30, 2013, the Government filed its Response. (ECF No. 539).

On January 6, 2014, Petitioner filed a Reply. (ECF No. 543.)

## SUMMARY OF PETITIONER'S CLAIMS

Petitioner claims that following his guilty plea, between December 2000 and March 2002, he participated in multiple debriefings with a Drug Enforcement Administration ("DEA") Agent. Petitioner alleges that, during the debriefings, he informed the DEA Agent about the drug trafficking activity of his co-defendant, Jose Serpa, and others. Petitioner claims that the DEA Agent was not interested in the information Petitioner provided, and was only interested in information concerning two brothers, who the DEA Agent suspected of drug trafficking. Petitioner claims that he was unable to provide information about the two brothers, as he had no personal knowledge of their drug-related activities. Petitioner claims that the DEA Agent incorrectly

believed Petitioner possessed, and withheld, knowledge of the two brothers' drug trafficking activities. (Mem. Supp. Section 2255 Motion at ¶¶ 29-35, ECF No. 531.)

Petitioner claims that the DEA Agent made misrepresentations to the District Court and the Government regarding Petitioner's credibility and willingness to cooperate. Petitioner alleges that the misrepresentations caused him to be found ineligible for downward adjustments for acceptance of responsibility and cooperation, and to receive an enhanced sentence. (Motion at pg. 5, 19-23, ECF No. 527.) Petitioner claims that the DEA Agent's alleged misrepresentations also deprived him of a meaningful consideration of a Section 5K1.1 Motion for a Reduced Sentence, based on substantial assistance. (Id. at pgs. 24-26.) Petitioner alleges that the Government violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose to Petitioner information regarding the DEA Agent's alleged history of misconduct and fabrication of evidence. (Id. at pgs. 26-29.)

Petitioner claims that the factual predicate for his claims emerged from the proceedings in United States v. Ferreira, No. Cr. 07-00608, 2011 WL 6012525 (D. Haw. Nov. 30, 2011), in which a new trial was granted based upon the government's failure to disclose evidence that was material to the same DEA Agent's credibility. (Section 2255 Motion at pg. 11, ECF No. 527; Mem. Supp. Section 2255 Motion at pgs. 21-22, ECF No. 531.)

14

Petitioner requests that he be resentenced on the basis of a complete and accurate record, or returned to the pretrial stage of the proceedings. (Section 2255 Motion at pg. 7, ECF No. 527.)

## ANALYSIS

## I.   PETITIONER'S SECTION 2255 LACKS THE REQUIRED CERTIFICATION FROM THE NINTH CIRCUIT COURT OF APPEALS

### A.   Successive Section 2255 Motions Alleging Violations of Brady v. Maryland Require Certification

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides that a prisoner who wishes to file a second or successive habeas petition in the district must first move the appropriate court of appeals for an order authorizing the district court to hear the successive petition. 28 U.S.C. §§ 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). The Court of Appeals must certify that the successive petition contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)("Gatekeeping Provisions").

A district court lacks jurisdiction over a successive Section 2255 motion filed without certification from the appropriate appellate court. United States v. Buenrostro, 638 F.3d 720, 723 (9th Cir. 2011).

Petitioner previously filed a Section 2255 Motion (ECF No. 503), which was denied on August 31, 2009. (Attached as Ex. A to Gov't Resp., ECF No. 539.) Petitioner, in filing his second Section 2255 Motion, has not presented the Court with certification from the Ninth Circuit Court of Appeals, as required by 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

Petitioner claims that his Section 2255 Motion does not require certification from the Appellate Court, as it sets forth claims that are meritorious under Brady v. Maryland, 373 U.S. 83 (1963)[1] and the Due Process Clause, which were not available to him until after his first Section 2255 Motion was denied. Petitioner claims that such claims are exempt from the AEDPA's Gatekeeping Provisions, and authorized to be heard by the District Court. (Section 2255 Motion at pg. 4, ECF No. 527; Reply at pg. 7, ECF No. 543.)

Petitioner's theory is built upon his interpretation of

---

[1]    In Brady v. Maryland, the Supreme Court held that the prosecution's suppression of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, regardless of whether the prosecution acted in good or bad faith. Brady, 373 U.S. 83, 87 (1963).

16

United States v. Lopez, 577 F.3d 1053 (9th Cir. 2009), *cert. denied*, 559 U.S. 984 (2010), and its discussion of Panetti v. Quarterman, 551 U.S. 930 (2007). Petitioner claims that Lopez and Panetti stand for the proposition that successive habeas petitions that were permitted by the pre-AEDPA abuse-of-the-writ doctrine, are exempt from AEDPA's requirement of appellate court certification for successive habeas petitions. (Section 2255 Motion at pg. 4, ECF No. 527.)

Prior to the 1996 enactment of AEDPA, the federal courts' consideration of successive habeas petitions was guided by the abuse-of-the-writ doctrine, a "complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." Lopez, 577 F.3d at 1059 (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)). Pursuant to the abuse-of-the-writ doctrine, a court could consider a petitioner's successive habeas petition where a petitioner showed cause for failing to raise the claim earlier, and actual prejudice resulting from the errors of which the petitioner complains. A court could also consider a successive petition where a petitioner showed that a fundamental miscarriage of justice would result from the failure to entertain the claim. Id. at 1060.

In 1996, Congress enacted AEDPA, 28 U.S.C. §§ 2244, 2255, "codifying the judicially established principles reflected in the

abuse-of-the-writ doctrine and further restricting the
availability of relief to habeas petitioners." <u>Lopez</u>, 577 F.3d at
1060-61. AEDPA restricted the availability of successive habeas
relief by requiring that a successive habeas petition be
certified by the appellate court, pursuant to the standards set
forth in 28 U.S.C. § 2255(h). Without certification from the
appellate court, the district court lacks jurisdiction to
consider a successive petition. <u>Id.</u>

In <u>Panetti v. Quarterman</u>, the Supreme Court held that
competency-to-be-executed claims based on <u>Ford v. Wainwright</u>, 477
U.S. 399 (1986), were not subject to the AEDPA's Gatekeeping
Provisions regarding second or successive habeas petitions.  The
Supreme Court, in exempting such claims from the AEDPA's
Gatekeeping Provisions, in part, relied on the fact that second-
in-time <u>Ford</u> claims were permitted under the pre-AEDPA abuse-of-
the-writ doctrine. The Supreme Court's holding also relied on the
fact that <u>Ford</u>-based competency claims do not become ripe until
after the first habeas proceeding, as they are based on the
petitioner's mental condition at the time of his scheduled
execution, and are not actually "second or successive."

In <u>Lopez</u>, the Ninth Circuit Appellate Court considered the
possible impact of the <u>Panetti</u> decision on second-in-time <u>Brady</u>
claims. The Appellate Court determined that non-meritorious <u>Brady</u>
claims are subject to the AEDPA's Gatekeeping Provisions, as such

claims would have been barred as successive petitions under the pre-AEDPA abuse-of-the-writ doctrine.

The Appellate Court went on to discuss, in dicta, whether meritorious <u>Brady</u> claims, in which material evidence was newly disclosed to a petitioner, may be exempt from the AEDPA's Gatekeeping Provisions. The Appellate Court was concerned that it would lack jurisdiction over certain meritorious claims which were permitted under the pre-AEDPA abuse-of-the writ doctrine. Pursuant to the pre-AEDPA abuse-of-the-writ doctrine, a second-in-time <u>Brady</u> claim based on newly discovered evidence was not considered successive if a prisoner established by a "reasonable probability" that, had the evidence been disclosed, the result of the proceeding would have been different. The AEDPA's Gatekeeping Provisions, in contrast, only permit second-in-time <u>Brady</u> claims that establish by "clear and convincing" evidence that no reasonable factfinder would have found petitioner guilty of the offense had the newly disclosed evidence been available at trial. 28 U.S.C. §  2255(h)(1). The Appellate Court explained that a literal application of § 2255(h)(1) would bar federal jurisdiction over an entire subset of meritorious <u>Brady</u> claims: those where a petitioner can show the suppressed evidence established a "reasonable probability" of a different result, but cannot show, by "clear and convincing" evidence, that no reasonable juror would have voted to convict the petitioner.

19

The Appellate Court explicitly stated that it was not deciding whether certain meritorious _Brady_ claims were exempt from the AEDPA's Gatekeeping Provisions, as the defendant's claim lacked merit. _Lopez_, 577 F.3d at 1066-68; _King v. Trujillo_, 638 F.3d 726, 729 n.10 (9th Cir. 2011). The _Lopez_ decision discussed considerations weighing against such an exception, including the fact that two Circuits have held that all second-in-time _Brady_ claims are subject to the AEDPA's Gatekeeping Provisions. _Tompkins v. Sec'y, Dep't of Corr._, 557 F.3d 1257, 1259-60 (11th Cir. 2009)(refusing to extend _Panetti_'s reasoning to _Brady_ claims, as such claims are ripe for inclusion in an initial habeas petition); _Evans v. Smith_, 220 F.3d 306, 323 (4th Cir. 2000).

Contrary to Petitioner's theory, _Lopez_ does not grant a district court authority to hear any second-in-time _Brady_ claim without the appellate court's certification. _Fellman v. Davison_, 2011 WL 2471579, at *1-3 (N.D. Cal. 2011)(discussing _Lopez_). The dicta in _Lopez_ merely suggests that it may be appropriate for the appellate court to apply the "reasonable probability" standard, rather than the "clear and convincing standard" in 28 U.S.C. § 2255(h)(1) in determining whether a second-in-time meritorious _Brady_ claim, based on newly disclosed evidence, should be certified.

Petitioner cannot show that there is a "reasonable

probability" that the result of his proceeding would have been different if the Government had provided him with evidence that it was required to disclose.

The Court, here, lacks jurisdiction over Petitioner's Section 2255 Motion, even if Petitioner's interpretation of <u>Lopez</u> was correct, as Petitioner's <u>Brady</u> claim lacks merit. All courts agree that such second-in-time <u>Brady</u> claims, which lack merit, are subject to the AEDPA's Gatekeeping Provisions, 28 U.S.C. § 2255(h). <u>Lopez</u>, 477 F.3d at 1065; <u>Crawford v. Minnesota</u>, 698 F.3d 1086, 1089-90 (8th Cir. 2012).

Petitioner's Section 2255 Motion is barred as a successive petition filed without required certification from the Ninth Circuit Appellate Court, as non-meritorious <u>Brady</u> claims are subject to the AEDPA's Gatekeeping Provisions.

**B.   Petitioner's Claims Lack Merit**

Petitioner claims that, based on the DEA Agent's misrepresentations regarding Petitioner's credibility and willingness to cooperate with the Government, Petitioner received an enhanced sentence. Petitioner alleges that the DEA Agent had a history of fabricating evidence and engaging in other misconduct, which the Government failed to disclose, in violation of <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).

In <u>Brady v. Maryland</u>, the Supreme Court held that "the

suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." <u>Brady</u>, 373 U.S. 83, 87 (1963). Evidence is material when there is a "reasonable probability that, had the [newly discovered] evidence been disclosed to the defense, the result of the proceeding would have been different." <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

### 1.    Determination of Petitioner's Sentence

At Petitioner's Re-Sentencing Hearings on October 19, 2006 and November 2, 2006, the District Court overruled Petitioner's objections to the Presentence Report. The District Court found that the drug quantity of 362.6 grams was supported by clear and convincing evidence, as was the firearm enhancement. The District Court imposed a leadership role enhancement, specifically finding that "[i]t would take . . . mental gymnastics that would not be credible, to believe that [Petitioner] was not a leader . . . [T]here is ample evidence of him being a leader." (PSR Hearing Tr., Oct. 19, 2006, at pg. 34, attached as Ex. C. To ECF No. 508.)

The District Court found Petitioner subject to an enhancement for obstruction justice, pursuant to Section 3C1.1 of the United States Sentencing Guidelines. Petitioner had

obstructed justice by having his co-defendant, Silva, testify falsely at Petitioner's evidentiary sentencing hearing on April 7, 2003. At Petitioner's Sentencing Hearing on December 3, 2003, Silva admitted that Petitioner had asked him to commit perjury. (Hearing Tr. Dec. 3, 2003, pgs. 19-21.)

Petitioner was found ineligible for a downward adjustment, pursuant to Section 3E1.1 of the United States Sentencing Guidelines, based on the obstruction of justice enhancement.

Section 3E1.1 of the United States Sentencing Guidelines provides for a two-level downward adjustment "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," and an additional one-level decrease for defendants who cooperate with the government or timely notify authorities of an intention to plead guilty. Generally, a defendant who is subject to an enhancement for obstruction justice, pursuant to U.S.S.G. § 3C1.1, is ineligible for an acceptance of responsibility adjustment.

Simultaneous adjustments for obstruction of justice and acceptance of responsibility are warranted only in "extraordinary cases." U.S.S.G. § 3E1.1, cmt. n.4. A case is only "extraordinary" if the defendant's obstructive conduct is not inconsistent with the defendant's acceptance of responsibility. United States v. Jeter, 236 F.3d 1032, 1034-35 (9th Cir. 2001). Cases in which obstruction is not inconsistent with an acceptance

of responsibility arise when a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice. Id.

The District Court found Petitioner ineligible for a downward adjustment for acceptance of responsibility, as convincing Silva to commit perjury after Petitioner's guilty plea was inconsistent with acceptance of responsibility. (PSR Hearing, Oct. 19, 2006, at pg. 35.)

On November 2, 2006, the District Court adopted the Presentence Report. Petitioner was assessed at offense level 42 and Criminal History Category I, with a sentencing guideline range of 360 months to life imprisonment. The District Court assessed each of the factors set forth in 18 U.S.C. § 3553(a) to determine a sentence that was sufficient, but not greater than necessary. The District Court considered Petitioner's attempts to better himself while incarcerated, and his initial guilty plea, and sentenced Petitioner to 300 months imprisonment, sixty months below the guideline range.

The Ninth Circuit Court of Appeals affirmed Petitioner's sentence, rejecting Petitioner's various challenges to the calculation of his offense level. (United States v. Kimball, No. 06-10727, Dec. 10, 2007.)

Petitioner claims that the DEA Agent's alleged

misrepresentations regarding Petitioner's credibility and willingness to cooperate prejudiced Petitioner in the District Court's 18 U.S.C. § 3553(a) analysis. Section 3553(a) provides the factors which a judge must consider to determine if a sentence is reasonable, including the characteristics of the defendant. Petitioner claims that, absent the DEA Agent's alleged misrepresentations, the District Court would have departed below the guideline range.

The District Court, at Petitioner's Re-sentencing Hearing on November 2, 2006, specifically considered the factors set forth in 18 U.S.C. § 3553(a), and imposed a sentence sixty months below the guideline range. There is no support for the claim that Petitioner would have been offered any further reduction, nor is there any support for the assertion that the District Court relied on the DEA Agent's representations regarding Petitioner's credibility and willingness to cooperate.

Petitioner also claims that he would have been afforded a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, if the DEA Agent had not represented that Petitioner was uncooperative and lacked credibility.

The District Court's finding regarding Petitioner's ineligibility of a § 3E1.1 downward adjustment did not rely on any representation by the DEA Agent. Petitioner's co-defendant, Reuben Silva, testified before the District Court that Petitioner

25

had asked him to commit perjury regarding Petitioner's role in the offense, and also pleaded guilty to a perjury charge. Petitioner was ineligible for a § 3E1.1 downward adjustment for accepting responsibility for obstructing justice by suborning perjury.

Petitioner incorrectly claims that the enhancement for obstruction of justice was based on the finding that Petitioner made inconsistent statements during a motion to withdraw his guilty plea. (Mem. Supp. Section 2255 Motion at pg. 22, ECF No. 531.)

The record is clearly contrary to Petitioner's assertion. It is also unclear how Petitioner's assertion supports the theory that a misrepresentation by the DEA Agent caused the District Court to deny Petitioner a § 3E1.1 downward adjustment or otherwise improperly calculate Petitioner's offense level.

Petitioner has challenged the appropriateness of his offense level calculation on at least five occasions: first at sentencing, again on direct appeal, again at re-sentencing, again on his second direct appeal, and again on his initial Section 2255 Motion. The District Court and Appellate Court have rejected those challenges, finding the sentencing adjustments appropriate.[2]

---

[2]    The Appellate Court did not reach the issue on Petitioner's first appeal.

### 2.   The Government's Choice Not to File a Motion to Reduce Sentence

Petitioner claims that, based on the DEA Agent's alleged misrepresentations regarding Petitioner's lack of cooperation, he was deprived of a meaningful consideration of a motion to reduce his sentence, pursuant to United States Sentencing Guidelines § 5K1.1. (Mem. Supp. Section 2255 Motion at pgs. 24-25, ECF No. 531.)

United States Sentencing Guidelines § 5K1.1 provides:

> Upon a motion of the government stating that the defendant has provided substantial assistance in the investigation of another person who has committed an offense, the court may depart from the guidelines.

U.S.S.G. § 5K1.1. Section 5K1.1 empowers the government to move for a departure when a defendant has substantially assisted, but it imposes no duty to do so, even if a defendant has provided substantial assistance. United States v. Flores, 559 F.3d 1016, 1019 (9th Cir. 2009). The government, however, cannot refuse to file a § 5K1.1 motion based on the claim that the government's motive was unconstitutional, arbitrary, or constituted a breach of a plea agreement. Id.

A defendant's insistence that he provided substantial assistance does not entitle him to an evidentiary hearing. To warrant a hearing, a defendant must "make a substantial threshold showing that the Government's refusal to file a § 5K1.1 motion

27

was unconstitutional, arbitrary, or breached the plea agreement."
Flores, 559 F.3d at 1020.

Petitioner challenged the Government's failure to file a
Section 5K1.1 in his initial Section 2255 Motion. The District
Court rejected the claim, holding that Petitioner had not made a
substantial threshold showing that the Government's refusal to
file a § 5K1.1 motion was unconstitutional, arbitrary, or
breached a plea agreement. The District Court pointed to the
facts that Petitioner did not provide testimony at trial or any
sentencing hearing against any criminal defendant, nor did
Petitioner sign a plea agreement or receive any other promise
from the government. (Gov't Resp. Ex. A, ECF No. 539.)

Petitioner attempts to support his claim that he was
entitled to a § 5K1.1 motion, by pointing to the fact that he
identified people involved in drug-related activities, including
his co-defendant, Jose Serpa, and Fraser during his debriefings
with the Government. (Mem. Supp. Section 2255 Motion at ¶ 31, ECF
No. 531.) Petitioner also contends that the DEA Agent induced a
defendant in a different case to plea guilty, by threatening to
have Petitioner testify against him. (Mem. Supp. Section 2255
Motion at pg. 25, ECF No. 531.)

Petitioner's allegations regarding misrepresentation by the
DEA Agent regarding Petitioner's willingness to cooperate, even
if true, do not alter the analysis in the Order denying

28

Petitioner's initial Section 2255 Motion. Petitioner's assertion that he provided assistance does not automatically permit him to challenge the government's refusal to file a § 5K1.1 motion. <u>Flores</u>, 559 F.3d at 1020. Also weighing against Petitioner's challenge is his admission that, prior to his debriefing, his attorney advised him that the "train had already left the station" with respect to information he might provide about Serpa and Fraser. (Mem. Supp. Section 2255 Motion at ¶ 29, ECF No. 531.)

Petitioner has not made a substantial threshold showing that the Government's refusal to file a § 5K1.1 motion was unconstitutional, arbitrary, or breached a plea agreement.

### 3.    Petitioner Fails to Identify Evidence of Misconduct that Required Disclosure

Petitioner claims that the "factual predicates" for his <u>Brady</u> claim regarding the DEA Agent emerged from the granting of a new trial in <u>United States v. Ferreira</u>, No. 07-00608, 2011 WL 6012515 (D. Haw. Nov. 30, 2011).

In <u>Ferreira</u>, a defendant was found guilty after a jury trial, in which the DEA Agent's testimony was "central." The defendant moved for a new trial, claiming that the Government violated <u>Brady</u> by failing to disclose two Memoranda, dated May 8 and 22, 2008. The May 2008 Memoranda include allegations of the

29

DEA Agent's misconduct. The investigation into the DEA Agent's alleged misconduct, detailed in the May 2008 Memoranda, had been ongoing at the time of Ferreira's June 2008 trial, but the Memoranda were not disclosed to Ferreira. United States v. Ferreira, No. 07-00608, 2011 WL 6012515 (D. Haw. Nov. 30, 2011).

In 2011, the District Court granted Ferreira's motion for a new trial, finding that the Government had violated Brady by failing to disclose the May 2008 Memoranda prior to Ferreira's June 2008 trial. The information about the DEA Agent was material to Ferreira's guilt, as the DEA Agent's credibility was "central to the prosecution's case."  The DEA Agent's testimony provided the only corroboration to testimony which led to the defeat of Ferreira's entrapment defense. The DEA Agent also misplaced tape recordings, which allegedly supported his version of events. Ferreira was unable to attack the DEA Agent's credibility, as Ferreira did not have access to the May 2008 Memoranda. Ferreira, 2011 WL 6012515, at *8.

Petitioner, here, fails to show that the Government suppressed information, as required for a Brady claim. Petitioner pleaded guilty in 2000 to crimes that occurred in 1997 and 2000. Petitioner was initially sentenced in 2004, and again in 2006. The May 2008 Memoranda, at issue in Ferreira, were created approximately a year-and-a-half after defendant was re-sentenced. The Government could not be required to disclose evidence which

30

had not yet existed.

Petitioner also fails to demonstrate the materiality of the evidence regarding the DEA Agent's credibility, as required to establish a <u>Brady</u> violation. Petitioner alleges that the DEA Agent falsely represented that Petitioner was uncooperative, which caused the District Court to deny Petitioner a downward adjustment for his cooperation and acceptance of responsibility. The District Court's denial of a downward adjustment for cooperation and acceptance of responsibility were not based upon any representation by the DEA Agent, but upon Petitioner suborning perjury of a witness at his Sentencing Hearing. The DEA Agent's credibility was not material to the finding.

Petitioner asks the Court to consider the evidence contained in his declaration and attached exhibits, filed in the case of <u>United States v. Scott Robinson</u>, No. 96-cr-1018, as docket entries No. 208 and 209. (Mem. Supp. Section 2255 Mot. at pg. 3, ECF No. 531) Petitioner's declaration and exhibits filed in <u>Robinson</u> do not alter the above analysis.

Petitioner has failed to assert a meritorious claim based on the DEA Agent's alleged misconduct or the Government's alleged failure to disclose any allegations of the DEA Agent's misconduct.

**C.  Petitioner is Not Entitled to an Evidentiary Hearing**

An evidentiary hearing in a Section 2255 action is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

An evidentiary hearing is not required if a prisoner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003)(citing United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)).

The Court lacks jurisdiction over Petitioner's Section 2255 Motion, as it is a successive petition filed without the required certification from the Ninth Circuit Court of Appeals. The record also conclusively establishes that Petitioner's claims lacks merit. Petitioner is not entitled to an evidentiary hearing.

## II.   PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2). A "substantial" showing requires a prisoner to show that "reasonable jurists could debate whether . . . the petition should have been resolved

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)(quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)). When a habeas petition is denied on procedural grounds, without reaching the merits of the underlying constitutional claim, a prisoner seeking a Certificate of Appealability must show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Petitioner's Section 2255 Motion was filed without the required certification from the Ninth Circuit Appellate Court and lacks merit. Petitioner does not make a substantial showing that he was deprived of a constitutional right, and there is no reason to encourage further proceedings.

Petitioner is not entitled to a Certificate of Appealability.


**CONCLUSION**


Petitioner Allen Kimball's Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 527) is **DENIED.** Petitioner

is not entitled to a Certificate of Appealability.

IT IS SO ORDERED.

DATED: February 13, 2014, Honolulu, Hawaii.



      /s/ Helen Gillmor

Helen Gillmor
United States District Judge

United States of America v. Allen Kimball; Crim. No.00-00105HG-01
Civ. No. 12-00646HG-BMK; **ORDER DENYING MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255 (ECF No. 527)**